```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x                *** RE-SENTENCING ***
UNITED STATES OF AMERICA
                -v-                             JUDGMENT INCLUDING SENTENCE
                                                UNDER THE SENTENCING REFORM ACT
GERMAN VELEZ
                                                CASE NUMBER:CR-89-436 (ARR)
-------------------------------x                YUANCHUNG LEE, ESQ
                                                52 DUANE STREET, 10th FL.
                                                NEW YORK, NEW YORK 10007
                                                Defendant's Attorney & Address
```

THE DEFENDANT:

**XXX** was found guilty on counts 1,2,3 & 4 of the indictment after a plea of not guilty. Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 963 | CONSPIRACY TO IMPORT IN EXCESS OF 1,000 KILOGRAMS OF MARIJUANA. | ONE (1) |
| 21 USC 960(a)(1) | IMPORTATION IN EXCESS OF 1,000 KILOGRAMS OF MARIJUANA. | TWO (2) |
| 21 USC 846 | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 1,000 KILOGRAMS OF MARIJUANA. | THREE (3) |
| 21 USC 841(a)(1) | POSSESSION WITH INTENT TO DISTRIBUTE IN EXCESS OF 1,000 KILOGRAMS OF MARIJUANA. | FOUR (4) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**XXX** It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due ___ immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #

Defendant's Date of Birth 9/4/56

Defendant's Mailing Address:

    UNDOMICILED

Defendant's Residence Address:

    ( SAME AS ABOVE )

MAY 25, 2005
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

MAY 25, 2005
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT
By:_____

DEPUTY CLERK

Defendant: GERMAN VELEZ
Case Number: CR-89-436(ARR)

Judgment - Page        of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two hundred and eleven (211) months.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                United States Marshal

                By_____

Defendant: GERMAN VELEZ
Case Number: CR-89-436(ARR)

Judgment - Page   of

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: GERMAN VELEZ
Case Number: CR-89-436(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: GERMAN VELEZ
Case Number: CR-89-436(ARR)

Judgment - Page    of

## FINE WITH SPECIAL ASSESSMENT

    The defendant shall pay to the United States the sum of $ 200.00     , consisting of a fine of $    N/A         and a special assessment of $ 200.00             .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

    This sum shall be paid ___ immediately
                                   ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

        ___ The interest requirement is waived.
        ___ The interest requirement is modified as follows:

1   THE COURT: Let me just start by recapping that as I
2  understand it, both parties agree that the defendant should be
3  resentenced as a post-Booker sentence with respect to which
4  the sentencing guidelines are advisory rather than mandatory.
5  The parties also agree that after correcting the base offense
6  level in the instant case to account for the retroactive
7  guideline amendment, the base of Mr. Velez's guidelines is 235
8  months incarceration, that is with a base offense level of 32,
9  a four level role enhancement, a two level obstruction
10 enhancement, he is at level 38, criminal history category one.
11          The parties do dispute whether application of the
12 statutory factors in Section 3553(a) should yield a sentence
13 within or below the advisory guideline; specifically defendant
14 has urged that he should be sentenced to a term of 188 months
15 to eliminate the 2 level obstruction enhancement imposed based
16 upon defendant's escape from custody at the MCC prior to his
17 sentence in this case.
18          Counsel points out that the defendant was both
19 sentenced for this escape in the Southern District of New York
20 prosecution to two years imprisonment and also suffered an
21 obstruction enhancement in this case for the same conduct,
22 approximately four years.
23          Counsel urges this resulted in a form of double
24 counting, albeit not one prohibited by the guidelines because
25 Judge Nickerson imposed the instant sentence enhanced by the

obstruction enhancement consecutively to the two year escape sentence imposed in the Southern District of New York.

The government has written urging that apart from correcting the base offense level, defendant should be sentenced within the guidelines.

I find defendant's argument persuasive in a particular respect. Counsel argues that under application note eight to the obstruction guideline, had the defendant escaped from the facility located in the Eastern District of New York rather than the Southern District of New York, the count charging escape would have been grouped with the count for this offense increased by the 2 level adjustment, and the offense level for the group would have been the higher of the two, in this instance, the offense level for the narcotics conspiracy increased by the obstruction enhancement.

As counsel points out, defendant's sentence would not have included the 24 months imposed in the Southern District. It is reasonable to me that defendant's sentence should not be so altered by the happenstance that he escaped from the MCC rather than the MDC. However, in lieu of eliminating the obstruction enhancement in this case, it seems appropriate to sentence the defendant to 211 months incarceration or 24 months less than the base of his guidelines. This results in a sentence akin to that called for by application note eight and it eliminates any further

1 increase for the escape offense which would have been grouped
2 with the instance offense had it been committed in the Eastern
3 District of New York.
4     In short, it seems reasonable to eliminate the
5 disparity resulting from the happenstance that the defendant
6 was housed in a facility on the far side of the Brooklyn
7 Bridge at the time of his escape.
8     I will therefore impose a sentence of 211 months,
9 that is to the custody of the Attorney General for a period of
10 211 months, to be followed by a five year period of supervised
11 release.
12     I believe the special assessment is the $200 and I
13 will impose the further condition that if deported, he not
14 illegally reenter the United States.
15     Let me state, Mr. Velez, that you may have a right
16 to appeal your sentence. Please consult with counsel. If you
17 choose to appeal, a notice of appeal must be filed within ten
18 days and I'm sure Mr. Lee will continue to represent you.
19     MR. LEE: I'll take care of it if he want to.
20     THE COURT: Thank you.
21     No fine.
22     (Matter concluded.)
23
24
25